(No. 4887- )

RUSSELL F. SCHOENEICH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 29, 1963.*

*Petition of Claimant for Rehearing denied July 26, 1963.*

JOHN R. SNIVELY, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; EDWARD G. FINNEGAN, Assistant Attorney General, for Respondent.

TOLSON, J.

On October 16, 1959, claimant filed his complaint seeking an award in the amount of $25,000.00 for the loss of the distal phalanx of the second finger of his left hand.

Claimant alleges that the State was negligent in not providing proper safeguards on the punch press, which he operated while an inmate at the Joliet Branch of the Illinois State Penitentiary.

The case was heard by Commissioner George W. Presbrey, and his report is set forth as follows:

"The evidence was heard in the above entitled cause on February 23, 1962. John R. Snively represented claimant, Russell F. Schoeneich, and Edward Finnegan, Assistant Attorney General, represented respondent, State

of Illinois. This is a claim by Russell F. Schoeneich, an inmate of the Illinois State Penitentiary, against the State of Illinois to recover damages for personal injuries sustained by him while an inmate in the Illinois State Penitentiary.

"On March 23, 1959, while claimant was operating a punch press, his hand was caught in the die of the machine, crushing the distal phalanx of the middle finger of the left hand. The first joint or distal phalanx of said middle finger was amputated.

"The facts in this case are not particularly unique. There is a difference of opinion between claimant and respondent as to whether claimant was assigned to work at the metal shop, or whether he was directed to do so by the prison authorities. Respondent contends that work at the metal shop is sought by the prisoners, and they are only assigned to the work in said shop upon receiving a request by the inmate in question. A worker in the metal shop is paid approximately $12.00 per month. Claimant contends that he was directed to work in the metal shop.

"It appears that claimant was first assigned to work in the power house. He was subsequently transferred to the metal shop, and was assigned to operate a grinder, and thereafter a punch press. The claimant was familiar with the operation of a punch press. He had operated the punch press in question for a period in excess of nine months prior to the date of the alleged accident.

"The machine in question is operated by a foot pedal. Claimant contends that the punch press 'double punched'. In other words, the machine punched the first time when the pedal was operated by claimant, and again operated without the foot pedal being depressed. Claimant stated the machine had never double punched before.

"Clinton Vaught, Superintendent of the Sheet Metal Shop, testified that a prisoner is first placed on a non-pay job, and then goes to a waiting list. Subsequently, when their turn comes, they are placed on the pay job. They are usually given some choice as to the type of job upon which they are placed.

"It appears that the machine in question was approximately five years old at the time of the accident. He testified that they had had no trouble with this machine prior to or subsequent to said accident. The foot lever is covered, so that a person other than the operator could not trip said machine. The operator of the machine must slip his foot into a covered slot to operate the machine. The only safety device on the machine was the trip lever in question.

"Claimant contends that the Health and Safety Rules of the State of Illinois, as adopted by the Industrial Commission, provide that toggles, or a device to pull back the arms of the operator when the machine is tripped, should have been installed on the machine in question. The machine in question did not have such a device. On cross-examination, Vaught stated that the only repairs to the machine were made approximately one year ago.

"If the press double punched, then respondent could be liable for the injuries, for an inference of negligence would certainly be present on the part of respondent. If, however, the machine in question did not double

punch, but the plaintiff had merely negligently caught his hand in the die of said machine, then claimant would be guilty of contributory negligence, and would not be entitled to recover.

"There is evidence in the record that respondent installed a different type of switch on the machine after the accident. Vaught testified this was merely for additional protection, and that there has never been any trouble with the machine double punching. Claimant had operated the machine for a period of approximately nine months prior to the accident. There is no evidence in the record that there had ever been any trouble with the machine in question on a prior occasion.

"In the opinion of this Commissioner, it appears that claimant inadvertently stepped on the operating lever without removing his hand completely from the hazardous area. He would, therefore, be guilty of contributory negligence.

"There is some testimony that the Health and Safety Act, passed by the Industrial Commission, required that a device be placed on a punch press, which would remove the operator's arm when the machine is in operation. This machine did not have such a device. There is no evidence, however, that the violation of the statute was the proximate cause of claimant's injuries.

"It would, therefore, appear that claimant has failed to affirmatively prove that respondent was guilty of negligence, and his claim should be denied."

From a review of the report and the evidence, it appears that the machine was in proper working order, and that claimant was familiar with the machine from previous use. Since the only way that the machine can be operated is by means of placing the foot into a covered slot, which action thereby activates the machine, it would appear that claimant tripped the press without first removing his hand.

Claimant has the burden of proving that he was free from contributory negligence. The record does not support this proof.

An award is, therefore, denied.